```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOSEPH A. KENNY,

                Plaintiff,
                                            MEMORANDUM & ORDER
        -against-                           15-CV-4618(JS)(SIL)

MADELENE JOAN KENNY,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Joseph A. Kenny, pro se
                    72-21 67th Street
                    Apt. 3D
                    Glendale, NY 11385-6911

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On July 27, 2015, pro se plaintiff Joseph A. Kenny ("Plaintiff") filed an unsigned, three-page Complaint against his mother, Madelene Joan Kenny ("Defendant"), alleging fantastic claims "pertaining to her April 6th, 1954 NATO ALLIED SUPREME MILITARY TRIBUNAL CONVICTION for CRIMES AGAINST HUMAINTY – EXTERMINATION OF THE HEBREW PEOPLES in [Filing Court Document Case Docket number # Q-7:154253-Q807.53]"[1] (Compl. at 1) together with an application to proceed in forma pauperis (Docket Entry 5). By Notice of Deficiency dated August 6, 2015 ("Notice"), Plaintiff was instructed to sign and return the enclosed copy of his Complaint within fourteen

---

[1] Excerpts from the Complaint are reproduced here exactly as they appear in the original. Errors in spelling, punctuation, and grammar have not been corrected or noted.

(14) days in order to proceed with this case. (See Notice, Docket Entry 3.) On August 24, 2015, Plaintiff filed a signed copy of his Complaint. (Docket Entry 4.) Although the signed Complaint was not timely filed, the Court will accept it.

Upon review of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to allege a plausible claim for relief.

BACKGROUND[2]

Plaintiff's three-page submission is difficult to comprehend and his rambling allegations are fanciful, disjointed, and largely conclusory. In its entirety, Plaintiff alleges:

> Madelene Joan Kenny is my maternal mother and was the administrative secretary to the NYS Judicial Robes; (deceased) David T. Gibbons from 1978 to 1986 till Judge Gibbons death. She received a State Salary and bonuses for exemplary work and a citation from the Chief Judge of the NYS Appeals Court for excellent work performance in the Spring of 1980 while being secretary prior to being elevated to the Judicial Team of Administrative Judicial Robes of the State of New York: Justice (as-stated)

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

and secretary/now defendant: Madelene Joan Kenny {of this Civil Law Suit: pertaining to her April 6th, 1954 NATO ALLIED SUPREME MILITARY TRIBUNAL ONVICTION for CRIMES AGAINST HUMANITY – EXTERMINATION OF THE HEBREW PEOPLES in [Filing Court Document Case Docket number # Q-7:15423-Q807.53:] . . . Dated July 31st, 1955 by then Chief Executive Presiding President of the United States Dwight David Eisenhower.} I, add – a Second Trial by The U.S. Army Military Supreme Tribunal: Judge John Feuruk presiding for the Army coming from the Fourth Federal Superior Court of Appeals Washington, D.C. . . . Dated: July 20th 1959 at Camp David Military Supreme Tribunal Chambers in [Filing Court Docket Document number # HZ-7932815609348270978421-IJZB.7928741670491840732619 4-ZBGX]. Madelene Joan Kenny is an unrepentant, calculated killer/mass exterminator said Judge John Feuruk and should be hung till the death for Crimes Against Humanity/War Crimes of Extermination of the Jewish and Hebrew Peoples of the European Continent in the Nazi War Concentration Camp Bergen-Belson from the years November 1943 to June of 1944. She retreated when the Allies Landed on the Beaches of Normandy, France in early June 1944. Said Judge John Feuruk in his ruling on the sentence of Death by Hanging commensurate with United States Constitutional Edict: 334-HJZ.97. 6.81.07.92 of the United States Army Supplement to the United States Constitutional Edicts . . that can only – be cited by a UNITED STATES FOURTH SUPERIOR COURT JUSTICE. Madelene J. Kenny presently resides at 250 North Village Ave., Rockville Centre, L.I., NYS 11570 and notes her birth dated February 1st, 1923.

Judge Feuruk went on to say her former husband John F. Kennedy Senator from Massachusetts was in knowledge of the earlier conviction of NATO ALLIED SUPREME MILITARY TRIBUNAL in 1954 and her present husband Francis X. Kenny was also convicted on the same date of the same year for War Crimes Against the Jewish and Hebrew

Peoples. My First Court evidence is a Certified Mail/Electronic Return Receipt letter to the Second Appeals Court of the Federal Circuit Court of Francis Xavior Kenny sr. (my adoptive father: deceased 2/29/72) Conviction by The NATO ALLIED SUPREME MILITARY TRIBUNAL . . . Dated: April 6th, 1954 [Filing Case Docket Document number # Q-8:5326795004-QA-754803678357. H-7.536}. In the (Enclosed Evidence) . . . My parents history at the concentration camp Belson-Bergan is stated clearly detailing the War Crimes they committed as Exterminators of Hebrews. Judge John Feuruk went on to say John F. Kennedy knew of both of these convictions and gave his O.K. to Madelene to re-marry Francis (Frank) X. Kenny in divorce settlement heard in Boston Federal District Court on July 8th 1957 in {Filing case Docket number # HZ-76093287035492783487095687 0932-JKLB.902 9034870496-KJM}. My uncle {via paternal/ maternal tributary heredity lines} John F. Kennedy attended the wedding and gave his blessing to Frank {also related through maternal/paternal tributary heredity} to be my adoptive father}. John F. Kennedy was my former adoptive father with Madelene. I seek the award of $150,000 for prosecuting a NATO SUPREME: War Criminal in the West Point annals of decisions; dated: 7/26/1955 is [Docket # HZ-987602748932860793.0946378287 92348569437-HJBzx.93678479201-HZBG]. . . capture, prosecution and hanging sentence. Judge John Feuruk appealed Eisenhower's Presidential Pardon of Madelene Joan (her nun's name) Kenny's Second War Crimes Trial Conviction of July 20th, 1959 and was upheld citing Article 11 of the [U.S. Constitution Edict #J3.79.54.03-J2] in U.S. Supreme Court Case [Docket Document #ZQ-793076459701348692 8345-IJKZ.9430216789035908703925469-KJBZ]. In Madelene J. Kenny's conviction is her (7-8-1959) confession . . . citing her sisterhood as a nun {as my second piece of attached evidence} . . . including Madelene's

4

(4/6/54) confession to Judge John Feuruk during pre-trial hearings in her absentia Conviction in A NATO ALLIED SUPREME MILITARY TRIBUNAL on April 6th, 1954. He was on the Second Federal Judiciary Bench in Wilmington, Delaware and was ordered transferred to Camp Pendleton, California} for Army War Crimes Trial. Due to her escape aided by eventual Senator and Judiciary Chair Eugene McCarty. Her adoptive father Edward Costin sr. provided information to Fed. Authorities of his adoptive daughter's flight from Justice April 4th 1954 thus escaping and living on the run keeping a watchful eye out from being detected, especially by U.S. Army Brass and U.S. Federal Marshalls. This led to her second confession and conviction by Judge John Feuruk whom was elevated to Chief Judge of the U.S. Fed. Fourth Superior Appeals Court during the 2nd Trial.

I, Joseph A. Kenny; the plaintiff of this Civil Law Suit alleging Crimes Against Humanity – Extermination formerly residing with the defendant Madelene Joan Kenny at 768 Nightingale Rd., Lakeview; West Hempstead, NYS 11552 while my maternal mother was secretary to NYS Administrative Judicial Robes: I was duly — authorized by West Point's office of the Staff Judge Advocate as a defender of the Government and Constitution of the USA in documentation available on File: AZ-24869.2439ZBCQA dated Jan. 31st, 1980. Held in the Historical Achieves of Camp David's Treasury Vault . . . I am enabled to authorize the presentation of the Historical Documentary Chronicles. So Help me God. I have been duly sworn-in by West Point's Deputy Chief Advocate Lt. Cornel David G. McArthur of the Judge's Advocates Office on December 17th, 2014; to pursue this long standing NATO SUPREME TRIBUNAL matter/issue. I would like to inform the District Fed. Court that I was vindicated of a previous criminal

> convic- tion in Los Angeles Supreme Court in file number #837.425683. This is coupled with the U.S. Supreme Courts review of the role the Judicial Robes Team had in the fraudulent/conspiratorial enterprise of depriving me Justice and thus my Freedom in [Docket Filing Case number #AZ-7.-701 638257AZBF.90623GBZ-8.409673247.BG-7834729 01GBZ]. With a NY Post article of NYS Appellate Judge David Darcon's testimony lauding me included in with the ascribed numbers following "GBz"-07432GBz: Dated Dec. 9, 2012. The West Point Judge Advocate dissented (8-16-79) from the NYS Appeals Court 9—O decision installing Gibbons and Kenny as the NYS Judicial Robes team due to Madelene J. Kenny NATO SUPREME CONVICTION. U.S. Chief Justice Warren Burger said the matter had to be disposed of before her death.

(Compl.)

## DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Further, a district court has the inherent power to dismiss

7

a case, sua sponte, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-364 (2d Cir. 2000). "An action is frivolous if it lacks an arguable basis in law or fact -- i.e., where it is 'based on an indisputably meritless legal theory' or presents 'factual contentions [which] are clearly baseless.'" Scanlon v. Vermont, 423 F. App'x 78, 79 (2d Cir. 2011) (summary order) (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1832, 104 L. Ed. 2d 338 (1989) (alteration in original)); see also Denton v. Hernandez, 504 U.S. 25, 33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.").

In addition, Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against it. See FED. R. CIV. P. 8; Iqbal, 556 U.S. at 678. "When a complaint fails to comply with these requirements [contained in Rule 8], the district court has the power, on motion or sua sponte, to dismiss the complaint or to strike such parts as

8

are redundant or immaterial. Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).

Here, as is readily apparent, the Complaint is nothing more than Plaintiff's delusions and does not set forth any cognizable claim. Given that Plaintiff has filed a frivolous Complaint, it is sua sponte DISMISSED WITH PREJUDICE. Baron v. Complete Management, Inc., 260 F. App'x 399 (2d Cir. 2008) ("[D]ismissal is appropriate where, as here, a complaint is a 'labyrinthian prolixity of unrelated and vituperative charges that def[y] comprehension.'") (quoting Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (second alteration in original) (per curiam)).

III. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). "[W]hen addressing a pro se complaint, a district 'court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quoting Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991)).

Nevertheless, "[l]eave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or

9

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962)). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Foman, 371 U.S. at 182. However, if amendment would be futile, i.e., if it could not withstand a motion to dismiss pursuant to Rule 12(b)(6), leave to amend may be denied. See Lucente v. Int'l Bus. Mach. Corp., 310 F.3d 243, 258 (2d Cir. 2002).

Construing the Plaintiff's Complaint liberally, and interpreting it as raising the strongest arguments it suggests, Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court finds that Plaintiff's allegations rise to the level of the irrational. Accordingly, the Court declines to afford Plaintiff an opportunity to amend his Complaint given that the deficiencies therein are not such that could be cured by amending the Complaint.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED but the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a plausible

10

claim.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

    The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff and to mark this case CLOSED.

                                    SO ORDERED

                                   /s/ JOANNA SEYBERT
                                   Joanna Seybert, U.S.D.J.

Dated: November __10__, 2015
      Central Islip, New York